In this suit, plaintiff seeks to recover from the defendant the sum of $253.10, arising out of a verbal contract for the removal of a boiler from the town of Independence and its installation in a cannery owned by the defendant, some two miles north of Independence. While plaintiff alleges that the contract price therefor was the sum of $250, of which $50 had been paid, it is now admitted that the contract price was $225, of which $25 was paid by the defendant; the remaining amount claimed is made up of a claim of $50.60 for extra materials furnished and extra labor performed, plus $2.50 as recordation fee for a lien and privilege against the property on which the boiler was installed.
The defense is that the plaintiff contracted to remove and install the boiler and that the contract price was to be paid when the boiler had been completely installed and ready for steam to be turned on, denying that any extra materials were to be furnished and/or extra labor to be paid. Defendant further contends that the plaintiff did not complete the job in accordance with his contract and that he refused to pay the balance owed unless and until plaintiff's contract was completed. In reconvention, defendant claims the sum of $150 as damages resulting from plaintiff's failure to comply with his contract, and $50 incurred in the completion of plaintiff's contract.
Upon these issues, the case was tried, resulting in a judgment in favor of plaintiff against the defendant in the sum of $202.50, with recognition of a lien and privilege on the property whereon the work was done, with division of the cost between the plaintiff and defendant. The defendant has appealed. The plaintiff has answered the appeal, asking, first, that the amount of the judgment be increased to the original amount demanded, and, second, that the defendant be condemned to pay all costs.
This case involves purely a question of facts. There were only two witnesses to the contract, that is, the plaintiff and the defendant. The trial judge evidently believed the testimony of the plaintiff to the effect that the job had been completed by the plaintiff and that the delay in the payment was caused by the financial condition of defendant and that the defendant's contention was largely made for the purpose of delaying the payment which was due plaintiff. The trial judge evidently came to the conclusion that the extra work and materials for certain retorts as contended for by the plaintiff were included in the original contract. We see no reasons why we should discuss or give a summary of the testimony of these parties but we do state that, after a careful review of this record, we cannot point or set out any manifest error in the trial judge's conclusion of the facts. It is hard for us to understand wherein the defendant could make a contract with the plaintiff to install this boiler without including in it the work for which plaintiff claims to be extra, nor that plaintiff agreed to so install it and to await the turning on of the steam. There is no evidence to show that defendant made any complaint about the failure of plaintiff to complete his job until after the demand for the payment of the amount due. Our opinion is that such defense was an afterthought, *Page 695 
solely for the purpose of delaying payment for the residue.
We are at a loss to understand under what authority the District Judge divided the costs. Under the provisions of Act 229 of 1910, Section 2, the appellate courts of this State have the power to tax the costs, or any portion thereof, against any party to the suit, in its discretion as it may be deemed equitable, but this statute has no application to District or lower courts. In this case, the defendant did not make any tender, but only after the evidence had been taken did he admit his liability to the extent of $150. We are of the opinion therefore that it is inequitable for us to divide the costs, and the judgment will have to be amended accordingly.
For these reasons, it is ordered that the judgment appealed from be amended so as to require the defendant to pay all costs and as thus amended, the judgment is affirmed.